# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

CHRISTA DONNELL GRAHAM,

   Plaintiff,

  VS.

         7 : 10-CV-56 (HL)

Mayor L.E. GODWIN,
Chief of Police LYNWOOD YATES,
Sergeant NOLE COOK, and
Officer SAM FLEMING,

   Defendants.

## ORDER AND RECOMMENDATION

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on July 2, 2010, raising claims of false arrest and false imprisonment. (Doc. 2). Presently pending herein are Plaintiff's Motion to Strike Defendants' Answer, motions seeking leave to file motions for summary judgment, motions for summary judgment, and Motion for Expedited Judgment on the Pleadings. (Docs. 16, 19, 20, 27, 28, 30).

*Motion to Strike*

In a Motion to Strike filed on October 18, 2010, the Petitioner seeks to strike the Defendants' Answer, which Plaintiff has interpreted to be a Motion to Dismiss. (Doc. 16). Plaintiff in essence seeks the entry of judgment in his favor and the denial of Defendants' request that this matter be dismissed. Inasmuch as the Defendants have not filed a motion seeking the dismissal of Plaintiff's claims, and Plaintiff has not provided an adequate basis upon which to strike the Defendants' Answer, Plaintiff's Motion to Strike is hereby **DENIED**.

*Motions for Summary Judgment*

Plaintiff filed motions for summary judgment on October 27, 2010 and December 10, 2010. (Docs. 20, 28). Plaintiff maintains that he is entitled to the entry of summary judgment in

his favor based on his December 26, 2006 arrest without probable cause. Plaintiff has supported his motions for summary judgment with his affidavit, a brief, copies of his arrest records, and statements of material facts. (Docs. 20, 21, 28).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3).

In his motions for summary judgment, the Plaintiff asserts that he is entitled to the entry of judgment in his favor based on the facts of this case, specifically his arrest that was allegedly

unsupported by probable cause. In their response to the Plaintiff's motions for summary judgment, the Defendants contend that factual disputes exist between the Plaintiff's and Defendants' versions of the events on December 26, 2006, and that the Plaintiff has not provided sufficient proof to prevail on his summary judgment motions. Defendants have supported their summary judgment response with affidavits and a statement of material facts, in which they maintain that a valid arrest warrant supported Plaintiff's arrest. (Docs. 24, 25, 31).

Making all factual and credibility determinations in favor of the Defendants, the nonmoving parties herein, it is clear that the Plaintiff has failed to satisfy his burden of establishing that no genuine issues of material fact remain in this case. Plaintiff's summary judgment motion consists merely of a reiteration of his claims as set out in his Complaint, in addition to summary conclusions that the facts as alleged establish the violation of his constitutional rights. Defendants have responded to the Plaintiff's motions, establishing that genuine issues of material fact remain herein, specifically regarding the existence of probable cause to arrest the Plaintiff on December 26, 2006. Accordingly, it is the Recommendation of the undersigned that the Plaintiff's motions for summary judgment be **DENIED**.

*Motion for Expedited Judgment on the Pleadings*

Plaintiff filed a Motion for Expedited Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on April 14, 2011, wherein he ultimately asks that summary judgment be granted in his favor. (Doc. 30). Inasmuch as this motion does not present any additional issues, beyond those presented in his motions for summary judgment, for the Court's consideration and resolution, Plaintiff's Motion for Expedited Judgment on the Pleadings is **DENIED** as moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations set out herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of these recommendations.

3

*Motions for leave to file motions for summary judgment*

As the Court has considered and issued recommendations as to Plaintiff's motions for summary judgment, Plaintiff's motions for leave to file said motions for summary judgment are hereby **GRANTED.** (Docs. 19, 27).

**SO ORDERED AND RECOMMENDED**, this 9th day of August, 2011.

s/ *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

asb