## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

CHRISTA D. GRAHAM,                          :
                                            :
            Plaintiff,                      :
                                            :
VS.                                         :
                                            :     **7 : 10-CV-56 (HL)**
Mayor L.E. GODWIN,                          :
Chief of Police LYNWOOD YATES,              :
Sergeant NOLE COOK, and                     :
Officer SAM FLEMING,                        :
                                            :
            Defendants.                     :
_____

## ORDER AND RECOMMENDATION

The Plaintiff filed this action on July 2, 2010, challenging his arrest on December 26, 2006 on state charges and seeking damages for false imprisonment.   (Doc. 2).   Presently pending herein are the Defendants= Motion for Summary Judgment, Plaintiff's cross-Motion for Summary Judgment, and various other motions filed by the Plaintiff.   (Docs. 54, 55, 60, 63, 65).   The Court notified Plaintiff of the filing of the Defendants= Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order.   (Doc. 59).   Plaintiff filed his response to Defendants' Motion for Summary Judgment, along with his cross- Motion for Summary Judgment, on November 7, 2011. (Doc. 60).

### *Background*

In his Complaint, the Plaintiff asserts that on December 26, 2006, Defendant Cook and Defendant Fleming, officers with the City of Morven Police Department, arrived at Plaintiff's home, which he apparently shared or owned with his sister.   Plaintiff maintains that Defendant Cook entered the home without consent and arrested the Plaintiff without a warrant, putting him in the police squad car of Defendant Fleming, who then transported the Plaintiff to the police department and the Brooks County Jail.   On December 29, 2006, the Plaintiff was served with

arrest warrants for robbery, battery and giving a false name to police.   These charges were ultimately dismissed when the witness refused to testify.   (Doc. 55-1, ¶ 8).

According to the affidavit testimony of Defendants Cook and Fleming, these officers reported to the scene of an alleged battery and robbery on December 26, 2006, where the victim and witnesses identified Christa Graham as the perpetrator.   (Doc. 55-2, ¶¶ 3-4; Doc. 55-4, ¶¶ 3-4).   A witness identified the Plaintiff's current location, and Defendants travelled to the identified residence, the Plaintiff's house, where they found the Plaintiff and arrested him.   *Id.* at ¶ 5.

### *Standard of Review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine issue of material fact remains in this case.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).   The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.

2

A If a party fails to properly support an assertion of fact or fails to properly address another party=s assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials B including the facts considered undisputed B show that the movant is entitled to it@  Fed.R.Civ.P. 56(e)(3).

## Discussion

In their Motion for Summary Judgment, Defendants Cook and Fleming contend that they are entitled to qualified immunity as to Plaintiff's individual capacity claims, and Defendants Godwin and Yates contend that they are entitled to summary judgment on the Plaintiff's claims against them in their official capacities.

### Qualified immunity

"Under the qualified immunity standard recently rearticulated by the Supreme Court in *Pearson v. Callahan*, [555] U.S. [223], 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), we are obliged to grant qualified immunity to a [defendant] officer unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was clearly established at the time of the incident." *Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009).

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.   This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Anderson v. Creighton*, 107 S. Ct. 3043 (1987)).   "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances. . . Accordingly, . . . the salient question . . . is whether the state of the law [at the time of the events giving rise to the cause of action] gave [the defendants] fair warning that their [actions were] unconstitutional."   *Id.* at 741.   In regard to a claim of false

arrest, a defendant officer is entitled to qualified immunity if the officer had arguable probable cause to make the arrest.   *Holmes v. Kucynda*, 321 F.3d 1069, 1079 (11th Cir. 2003).

Defendants Cook and Fleming maintain that Plaintiff₅ arrest was based on a valid outstanding arrest warrant from the Georgia Board of Pardons and Paroles, and that additionally they had probable cause to believe Plaintiff had committed the crimes of battery and burglary. Defendant Cook, by means of his affidavit testimony, establishes that he

> reported to the scene of an alleged battery and robbery on December 26, 2006 with Sam Fleming, another police officer employed with the Morven Police Department.   Upon arriving at the scene, the victim and witnesses identified Christa Graham as the perpetrator. A witness identified the location where Christa Graham had gone after leaving the scene of the alleged battery and robbery.

Doc. 55-2, ¶¶ 3-5.

Cook further "understood that a warrant had been issued for the arrest of Christa Graham by the Georgia State Board of Parsons and Paroles before December 26, 2006.   I believed the parole violation warrant was valid on December 26, 2006.   Therefore, I believe the arrest of Christa Graham on December 26, 2006 was lawful."   *Id.* at ¶ 6.   The Defendants have provided a copy of the Parole Board warrant for the Plaintiff's arrest, issued on October 20, 2006, along with a sworn statement from a Parole Board paralegal, attesting to the warrant's issuance on October 20, 2006 and withdrawal on June 27, 2007.   (Doc. 56-1, Exh. A).   Defendant Yates also testifies in his affidavit that the Parole Board faxed the October 20, 2006 arrest warrant to the Morven Police Department "before December 26, 2006".   (Doc. 55-1, ¶ 3).

In response to the Defendants' summary judgment motion, the Plaintiff has submitted his affidavit and documentary evidence.   (Doc. 60-4).   Plaintiff maintains that his arrest was without a warrant and without probable cause, and that the Defendants thus violated his Fourth Amendment rights.

The existence of probable cause at the time of arrest absolutely bars a ▪ 1983 claim for

false arrest and false imprisonment under the Fourth Amendment.  *Case v. Eslinger*, 555 F.3d 1317, 1326-27 (11th Cir. 2009); *Williams v. Williamson*, 2009 WL 2982835 at *7 (M.D.Ga.)(CAR).   "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime."  *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992).   This knowledge "may be garnered from an informant=s allegations and corroborating evidence."  *Atterbury v. City of Miami Police Dept.*, 322 Fed.Appx. 724, 727 (11th Cir. 2009).

Viewing all facts and reasonable inferences therefrom in the light most favorable to the Plaintiff, it is clear that Defendant Cook=s arrest of the Plaintiff was based on the probable cause that gave rise to the outstanding arrest warrant from the Parole Board, as well as the actual probable cause which the officers obtained at the scene.   Defendants Cook and Fleming had been told by the alleged victim and witnesses to a battery and robbery that the Plaintiff had committed these crimes and had fled to his house.   This additional evidence provided at least arguable probable cause to believe that the Plaintiff had committed these crimes and his arrest was therefore valid.   *Atterbury*, 322 Fed.Appx. at 728 (detective=s knowledge of crime and identification of defendant as perpetrator established actual probable cause for arrest); *Williams v. Williamson*, 2009 WL 2982835 at *6 (M.D.Ga.)(CAR) (evidence known to agent, including observation of marijuana plants in close proximity to residence and verification of suspects= identities, established actual probable cause for arrest).   "[T]he existence of probable cause [to arrest Plaintiff] also defeats Plaintiff=s false imprisonment . . . claim[]."  *Id.* at *7, citing *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996) (absence of probable cause is a required element of a section 1983 false imprisonment claim).   Defendants Cook and Fleming are therefore entitled to qualified immunity in regard to Plaintiff's false arrest and false imprisonment claims brought against them in their individual capacities.

***Official capacity claims***

The Plaintiff also seeks to recover against Defendants Godwin, Mayor of the City of Morven, and Yates, Chief of Police for the City of Morven.   "Section 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation."   *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370 (11th Cir. 1983).   This causal connection can be established by proof that the Defendants were personally involved in the alleged deprivations of Plaintiff's rights or by proof that the Defendants, as supervisors, had notice of the need for improved supervision but failed to take corrective action.   *Zatler*, 802 F.2d at 401; *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985).   Mere allegations that these defendants are liable under the theory of *respondeat superior* will not suffice to establish liability under section 1983.   *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir. 1982); *Monell v. Dep't. of Social Services*, 436 U.S. 658, 691 (1978).   Inasmuch as Defendants Godwin and Yates did not personally participate in Plaintiff's arrest, it appears that Plaintiff seeks to hold these Defendants responsible in their official and supervisory capacities regarding his allegations of an illegal arrest.

Insofar as Plaintiff brings this action against Defendants Godwin and Yates in their official capacities, Plaintiff must allege and establish that the alleged deprivations resulted from a custom or policy set by the City of Morven.   *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Monell*, 436 U.S. at 691.   Plaintiff has neither made such allegations nor brought forth specific facts tending to establish the existence of such a policy or custom.   "Where, as here, a section 1983 plaintiff sues government employees in their official capacities, the suit is in actuality against the governmental entity that the individuals represent."   *Farred v. Hicks,* 915 F.2d 1530, 1532 (11th Cir. 1990).   In order to hold the City of Morven liable, the Plaintiff must show that a "governmental 'policy or

custom' is the 'moving force' behind the constitutional violation." *Id.*    Plaintiff has clearly failed to do so, failing to rebut the Defendants' showing that no custom or policy was responsible for any constitutional violation in the claims underlying this lawsuit.

Inasmuch as Plaintiff's arrest was supported by probable cause, the Plaintiff has failed to establish that Plaintiff's constitutional right to be free from unlawful arrest and detention was violated. Additionally, the Plaintiff has not established a basis for municipal liability.   Accordingly, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be **GRANTED**.   Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

### Plaintiff's motions

Plaintiff has filed a cross-Motion for Summary Judgment (Doc. 60), in which he asserts that he is entitled to the entry of judgment in his favor based on the facts of this case.   This is the third such motion filed by the Plaintiff herein, with the first two (2) motions having been denied. (Docs. 20, 28, 36).   In light of the Recommendation to grant Defendants' Motion for Summary Judgment, and Plaintiff's continued reliance on only his summary conclusions that the facts as alleged establish the violation of his constitutional rights, it is the further recommendation of the undersigned that Plaintiff's cross-Motion for Summary Judgment be **DENIED**.

Plaintiff has also filed a Motion for Contempt (Doc. 54), a Motion to Clarify and to Stay (Doc. 63), and a Motion to Amend (Doc. 65). On June 26, 2012, the Plaintiff filed a First Amended Complaint, apparently seeking to amend his claims to include the undersigned and the Honorable Hugh Lawson as Defendants herein.   (Doc. 67).   Plaintiff's Motion for Contempt, in which he alleges that Defendants have failed to serve him with certain pleadings, is **DENIED**, inasmuch as the Defendants have submitted the relevant certificates of service for the pleadings at issue, attesting to service, and re-service, of the Plaintiff with the documents.   (Doc. 58).   Plaintiff's

7

Motion to Clarify/Motion to Stay, in which Plaintiff seeks a stay of this case until he is released from prison, is **DENIED** as moot, in light of the Recommendation issued herein on Defendants' dispositive motion.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> *(1) Amending as a Matter of Course.*   A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> *(2) Other Amendments.*   In all other cases (other than an amendment of right), a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires.

Plaintiff's Motion to Amend was filed twenty-one (21) months after the filing of his original Complaint and eighteen (18) months after the filing of Defendants' Answer.   (Doc. 65). Thus, Plaintiff may not amend his Complaint as of right, but is required to first obtain leave of Court.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic.   *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982).   Although the decision to grant or deny a motion to amend a complaint is within the discretion of the court, "a justifying reason must be apparent for denial of a motion to amend."   *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).   The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

8

virtue of allowance of the amendment [and] futility of the amendment.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court finds that Plaintiff acted with undue delay in seeking to add new claims and Defendants, and that allowing Plaintiff's proposed amendment at this late date would unduly prejudice the four current Defendants by delaying the ultimate disposition of this case.   The Plaintiff waited twenty-one (21) months after the filing of his original Complaint and almost six (6) months after the Defendants filed a dispositive motion to seek leave to amend, with no explanation for the delay.   Accordingly, Plaintiff's Motion to Amend (Doc. 65) is hereby **DENIED**, and his Amended Complaint filed as Document 67 is **ORDERED** to be struck.


**SO ORDERED and RECOMMENDED**, this 30th day of July, 2012.

s/  ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

9